UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL H. RIFFEL,

               Plaintiff

        v.                             C-1-02-823

JAMES ERWIN,

               Defendant

## ORDER

    This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 7) to which neither party has objected.

### REPORT AND RECOMMENDATION

    Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the petition, respondent's return of writ, and petitioner's response.  (Docs. 1, 3, 6).

### Procedural Background

    On October 16, 1980, a jury in the Butler County Court of Common Pleas found petitioner guilty of rape and on November 10, 1980, the court sentenced petitioner to four (4)  to twenty-five (25) years of incarceration. (Doc. 3, Ex. B).

2

Petitioner's counsel appealed the judgment of the trial court to the Ohio Court of Appeals. (*Id.*, Ex. C). As his third assignment of error, counsel alleged that the verdict was contrary to the manifest weight of the evidence. ***See State v. Riffle,*** 444 N.E.2d 486, 487 (Ohio Ct. App. 1982). Petitioner's second assignment of error read: "The trial court erred in not instructing the jury that consent of the victim to the sexual conduct constituted a defense to the offense of rape." ***See*** 444 N.E.2d at 486. Petitioner's first assignment of error read: "The trial court erred in sustaining the prosecutor's objection to the defense counsel's questioning of the victim as to her past psychiatric history, thereby excluding said evidence." *See* 444 N.E.2d at 487. With respect to petitioner's first claim the Ohio Court of Appeals ruled as follows:

> [W]e remand the case to the trial court for an *in camera* examination of the witness to determine whether the exclusion of cross-examination concerning psychiatric treatment was prejudicial to appellant. If the trial court finds that the witness' testimony significantly affects her credibility, it should order a new trial. If, on the other hand, the trial court decides to the contrary, it should enter a new judgment on the verdict of the jury.

444 N.E.2d at 488. In its March 10, 1982 opinion, the Ohio Court of Appeals reversed the judgment of the trial court and remanded the case to the trial court for further proceedings. *Id.*

On July 13, 1982, the trial court held an in camera inspection of the victim, Vickie Hubbard. The trial judge ruled as follows:

And they said in the opinion if the trial court finds that the witness's testimony significantly affects her credibility it shall order a new trial.  I find that her credibility would not be affected in any respect by her having been under psychiatric treatment two or three years before this incident.  And that was my understand[ing] when the trial took place, that her psychiatric treatment had nothing to do with the instant case.  Therefore, in accordance with the directive from the Court of Appeals, this court finds that her credibility is not affected and, therefore, finds that a new trial is not to be granted.

The Court of Appeals further said that if on the other hand the trial court decides that her credibility is not affected, it should enter a new judgment on the verdict of the jury which we will now do.  So it is ordered that the conviction stand as originally determined by the jury when the case was tried.

(Doc. 3, Ex. F, Tr. 9-10).  On April 10, 2001, the July 13, 1982 judgment of the trial court reaffirming petitioner's conviction was journalized.  (Doc. 3, Ex. G).

In May of 2001, petitioner filed his first federal petition for a writ of habeas corpus  pursuant to 28 U.S.C. § 2254.  In essence, he asserted that he was denied his right to an appeal because the courts and the state failed to inform him that an appeal had been taken on his behalf, and that he was denied his right to effective assistance of counsel on appeal because his counsel failed to consult with him. *Riffel v. Leonard*, Case No. C-1-01-0353, S.D. Ohio (Doc. 1).  Petitioner alleged that he did not become aware that a direct appeal had been taken in his case until early January 2001, when a friend of his came across the published Court of Appeals decision in his case. (*Id.*) As a result of his ignorance of his appeal, petitioner  alleges that he lost his right to take a further timely appeal to the Ohio Supreme Court.  (*Id.*).

4

On April 11, 2002, this Court ordered petitioner to exhaust his state court remedies by filing a delayed direct appeal in the Ohio Supreme Court and an application for reopening his appeal in the Ohio Court of Appeals. (Doc. 3, Ex. I; *see* Ex. H). Moreover, the Court tolled the statute of limitations on the condition that petitioner pursue his remedies within thirty days and return to the federal court within thirty days of exhaustion. (*Id.*).

On April 29, 2002, petitioner filed an application to reopen his appeal pursuant to Ohio App. R. 26(B) in the Ohio Court of Appeals. (Doc. 3, Ex. J). Petitioner argued that his trial counsel was ineffective for failing to inform him of his right to appeal and appellate counsel was ineffective for failing to inform petitioner that the had, in fact, pursued a direct appeal. (*Id.*). He asserted that trial counsel erred for allowing his prosecution to proceed without a criminal complaint and appellate counsel erred for failing to raise this jurisdictional issue on appeal. (*Id.*).

On June 5, 2002, the Ohio Court of Appeals denied petitioner's application because petitioner filed the application out of time, failed to attach a sworn statement required by Rule 26 (B) and failed to present a genuine issue as to whether he was denied the effective assistance of appellate counsel. (Doc. 3, Ex. L). As to the merits of petitioner's claim, the Ohio Court of Appeals concluded:

Appellant claims that had he been aware of the appeal he would have insisted that counsel present additional assignments of error charging ineffective assistance of trial counsel and the lack of any jurisdiction due to the absence of a sworn complaint. Appellant claims his trial counsel was ineffective for not advising him of his right to appeal. Even if such is true, appellant can demonstrate no prejudice since an appeal was filed and prosecuted on his behalf. The lack of a signed and sworn complaint is not tantamount to a lack of jurisdiction. Appellant was charged with rape, a felony offense. In the absence of a waiver, the Ohio Constitution requires that felony offenses be charged by indictment. There is nothing to indicate appellant waived his constitutional right to be charged by indictment and appellant is not prejudiced by the absence of a complaint.

(*Id.* at 3–4).

Petitioner explains that he did not receive the Ohio Court of Appeals decision in a timely fashion and due to the unavailability of a delayed appeal for Rule 26(B) proceedings, he could not take an appeal to the Ohio Supreme Court. (Doc. 1, Affidavit of Petitioner). Petitioner also failed to file a delayed direct appeal to the Ohio Supreme Court, as ordered by the Federal District Court in its decision on his first habeas corpus petition.

 Petitioner filed the instant petition for a writ of habeas corpus raising the following claims and supporting facts which are quoted verbatim:

Ground One: Denial of effective assistance of trial counsel.

Supporting facts: Trial counsel permitted his client to be prosecuted without a sworn criminal complaint and its supporting affidavit. Trial counsel failed to notify client of appeal and subsequent remand hearing.

Ground Two: State appeals process denied petitioner due process of law by proceeding with direct appeal without petitioner's knowledge.

Supporting facts: Petitioner was not informed that a direct appeal of his conviction was taken. This also denied petitioner the effective assistance of appellate counsel. Petitioner was reduced to an abstract in the state appeals process. Petitioner was denied the ability to appeal to the state's highest court because he did not know there was anything to appeal from.

Ground Three: Prosecution of petitioner was outside Ohio statute law. Denial of due process.

Supporting facts: No sworn criminal complaint nor supporting affidavit was filed against petitioner as is required by law for the state trial court, grand jury, and prosecutor to acquire jurisdiction.

Ground Four: Ineffective Assistance of Appellate Counsel.

Supporting facts: Appeals attorney never contacted his client to inform him of appeal. Attorney forged the affidavit of indigency in order to get paid. Petitioner, Michael H. Riffel, was kept in the dark and was denied the right to prepare his own defense on direct appeal.

(Doc. 1 at 5-6).

In his return of writ, respondent argues that petitioner has waived his claims for relief due to procedural defaults committed in the state courts and alternatively, that petitioner's claims are barred by the statute of limitations at 28 U.S.C. § 2244. (Doc. 3). Because petitioner asserts that he did not receive timely copies of the state court opinions, particularly, the Ohio Court of Appeals decision on his application for reopening, this Court will assume, without deciding, that petitioner's petition is not time-barred and his claims are not procedurally defaulted. Accordingly, the Court will address the merits of petitioner's claims.

7

## OPINION

**I. Petitioner is not entitled to habeas corpus relief with respect to his claims alleged in grounds one and three challenging his prosecution in the absence of a sworn complaint.**

In his third ground for relief petitioner argues that he was denied due process because the trial court lacked jurisdiction to prosecute him in the absence of a sworn complaint.  In his first ground for relief, petitioner argues that his trial counsel was constitutionally ineffective for failing to challenge the trial court's jurisdiction on this basis.

In its decision on petitioner's application for reopening, the Ohio Court of Appeals concluded:

> The lack of a signed and sworn complaint is not tantamount to a lack of jurisdiction.  Appellant was charged with rape, a felony offense.  In the absence of a waiver, the Ohio Constitution requires that felony offenses be charged by indictment.  There is nothing to indicate appellant waived his constitutional right to be charged by indictment and appellant is not prejudiced by the absence of a complaint.

(Doc. 3, Ex. L at 3-4).

This Court lacks jurisdiction to consider petitioner's claim, which fails to trigger federal constitutional concerns.  A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law."  28 U.S.C. § 2254(a); *Pulley v. Harris,* 465

U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 68 (1991). Here, petitioner challenges the jurisdiction of the trial court based on alleged errors under state law of failing to file a criminal complaint or affidavit. These alleged defects, involving the manner by which the accused is charged with a crime, do not give rise to a federal constitutional issue. Indeed, it is well settled that there is not even a federal constitutional right to an indictment in state criminal proceedings. *Hurtado v. California,* 110 U.S. 516, 537–38 (1884); *see also Branzburg v. Hayes,* 408 U.S. 665, 688 n.25 (1972); *Koontz v. Glossa,* 731 F.2d 365, 369 (6th Cir. 1984) ("The law is well settled that the federal guarantee of a grand jury indictment has not been applied to the states. . . . It is also well settled in this Circuit that the Constitution does not require any particular state indictment rule."); *Watson v. Jago,* 558 F.2d 330, 337 (6th Cir. 1977). As long as "sufficient notice of the charges is given in some . . . manner" so that the accused may adequately prepare a defense, the Fourteenth Amendment's Due Process Clause is satisfied. *Koontz,* 731 F.2d at 369; *Watson,* 558 F.2d at 338. Here, petitioner does not allege that the indictment, which was the instrument used to charge him with crimes, failed to provide sufficient notice to him of the charges against him No [sic] constitutional issue arises from theis alleged state–law violation, which the Ohio Supreme Court has deemed "procedural rather than jurisdictional" in nature. *State ex rel. Beaucamp v. Lazaroff,* 673 N.E.2d 1273, 1274 (Ohio 1997) (per curiam); *see*

9

*also State v. Woods,* No. C–000261, 2002 WL 337382, at *1 (Ohio Ct. App. Jan. 18, 2002) (unpublished), *appeal dismissed,* 767 N.E.2d 1178 (Ohio 2002).

In any event, even assuming, *arguendo,* this Court may consider the alleged error of state law asserted by petitioner, it is clear that the Butler County Common Pleas Court had jurisdiction under state law to try, convict and sentence petitioner "upon an indictment regularly issued." *See Harris v. Bagley,* 776 N.E.2d 490 (Ohio 2002) (per curiam) (rejecting state habeas petitioner's claim that his conviction and sentence for rape were void because no proper criminal complaint had ever been filed against him before he was indicted given that petitioner "was convicted and sentenced upon an indictment, and his trial court had the requisite jurisdiction to try, convict, and sentence him on the charged offense"); *Taylor v. Mitchell,* 727 N.E.2d 905, 906 (Ohio 2000) (per curiam) (rejecting for same reason state habeas petitioner's claim that the common pleas court lacked jurisdiction over his kidnapping and aggravated robbery charges due to the fact no criminal complaints were ever filed charging him with those offenses before the indictment was issued). In cases such as this involving felony charges prosecuted by way of an indictment pursuant to Ohio R. Crim. P. 7(A), the Ohio appellate courts have uniformly held that an accusation by affidavit or complaint is not necessary for the common pleas court, which by state statute are "courts of general jurisdiction [that] possess subject matter jurisdiction over all crimes and offenses," *State v. Thomas,* No. L–98–1192, 1998 WL 769795, at *1 (Ohio Ct. App. Nov. 6, 1998)

10

(unpublished), to obtain jurisdiction over the criminal case. *See, e.g., State v. Carpenter,* No. 02CA001, 2001 WL 34048137, at *2 (Ohio Ct. App. Nov. 29, 2002) (unpublished); *State v. Bunnell,* No. L-02-1015, 2002 WL 1305052 (Ohio Ct. App. June 7, 2002) (unpublished); *State v. Lutz,* No. CA2000-09-07112, 2001 WL 1598768, at *2, *3 (Ohio Ct. App. Dec. 17, 2001) (unpublished); *State v. Woodburn,* No. 94 C 82, 1998 WL 336963, at *4 (Ohio Ct. App. June 24, 1998) (unpublished); *State v. Manley,* No. 95-CO-54, 1996 WL 350915, at *2-3 (Ohio Ct. App. June 21, 1996) (unpublished), *appeal dismissed,* 673 N.E.2d 144 (Ohio 1996); *State v. Lutchey,* No. F-95-009, 1996 WL 71011, at *2 (Ohio Ct. App. Feb. 16, 1996) (unpublished).

Accordingly, petitioner is not entitled to habeas corpus relief with respect to his claim that he was deprived of due process of law because a criminal complaint and affidavit was not filed in his case, as alleged in ground four. [sic][1]

To demonstrate that counsel's performance was constitutionally ineffective, petitioner must show: (1) his counsel made such serious errors that he was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced the defense by undermining the reliability of the result. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The Court may dispose of an ineffective assistance of counsel claim by finding that petitioner made an insufficient showing on either ground. *See id.* at 697.

---

[1] This claim is alleged in ground three.

11

Under the first prong of the *Strickland* test, petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case. *See id.* at 688. Judicial scrutiny of counsel's performance must be highly deferential, and a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight" and to evaluate the challenged conduct from counsel's perspective at the time of the conduct. *Id.* at 689. In determining whether or not counsel's performance was deficient, the Court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. **See id.**

In order to satisfy the "prejudice" prong of the *Strickland* test, petitioner must show that a "reasonable probability" exists that, but for his counsel's errors, the result of the criminal proceedings would have been different. *See id.* at 694. A showing by petitioner that the alleged errors had "some conceivable" effect on the outcome of the proceeding is insufficient to meet this standard. *See id.* at 693. However, by the same token, petitioner need not demonstrate that his counsel's conduct "more likely than not" altered the outcome of the proceeding to establish prejudice. *See id.* Petitioner has met his burden if he shows that the decision reached would "reasonably likely have been different absent the errors." *See id.* at 695.

12

Since the absence of a criminal complaint does not constitute a violation of state or federal law, defense counsel's failure to challenge the jurisdiction of the trial court on this basis was neither deficient performance nor prejudicial. Accordingly, petitioner has not demonstrated that his trial counsel was ineffective for failing to raise this issue, as asserted in his first ground for relief.

**II. Petitioner is not entitled to habeas corpus relief with respect to his claims that he was not made aware of his direct appeal in violation of his constitutional rights, as asserted in grounds one, two and four of the petition.**

In his first, second and fourth grounds for relief petitioner asserts that he was denied both due process of law and the effective assistance of counsel because he was not aware nor informed by counsel that a direct appeal to the Ohio Court of Appeals had been taken on his behalf.

Under the standard established by the Antiterrorism and Effective Death Penalty Act (AEDPA), codified principally at 28 U.S.C. § 2254 (d), petitioner is not entitled to federal habeas corpus relief, unless the state court's adjudication of his claim resulted in a decision that (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See* 28 U.S.C. § 2254(d); *see also Williams v. Taylor,* 529 U.S. 362, 402–03 (2000) (O'Connor, J., writing for majority on this issue); *Harris v. Stovall,* 212 F.3d 940, 942 (6th Cir. 2000), *cert. denied,* 532 U.S. 947 (2001); *Harpster v. Ohio,* 128 F.3d 322, 326 (6th

13

Cir. 1997), *cert. denied,* 522 U.S. 1112 (1998).  A state court decision is "contrary to" clearly established federal law as determined by the Supreme Court under § 2254(d)(1) if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams,* 529 U.S. at 405–06 (O'Connor, J.); *Harris,* 212 F.3d at 942.

An "unreasonable application" of Supreme Court precedent occurs (1) if the state court identifies the correct legal standard but unreasonably applies it to the facts of the case, or (2) if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.  *Williams,* 529 U.S. at 407–08 (O'Connor, J.).  A federal habeas corpus court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state–court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Id.* at 411 (O'Connor, J.); *see also McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000); *Harris,* 212 F.3d at 942.  The reasonableness inquiry is an objective one; it does not involve a subjective inquiry into whether or not reasonable jurists would all agree that the state court's application was unreasonable. *Williams,* 529 U.S. at 409–10 (O'Connor, J.); *see also Washington v. Hofbauer,* 228 F.3d 689, 698 (6th Cir. 2000); *Harris,* 212 F.3d at 942–43.

14

Moreover, the writ may issue only if the application is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee,* 229 F.3d at 510, 512 (citing *Williams,* 529 U.S. at 412).

When a state court fails to address the constitutional issues raised the federal court conducts a de novo review, instead of applying the AEDPA standard of review which applies only to cases "adjudicated on the merits in state court." *Maples v. Stegall,* 340 F.3d 433, 436–437 (6th Cir. 2003) (finding that in *Wiggins v. Smith,* 539 U.S. 510 (2003), Supreme Court reviewed portion of claim not analyzed by state court de novo, without deferring to the state court or applying AEDPA's standard of reasonableness); *see Newton v. Million,* 349 F.3d 873, 877 (6th Cir. 2003); *Davis v. Secretary for the Dep't of Corrections,* 341 F.3d 1310, 1312 (11th Cir. 2003).

In denying petitioner's application for reopening, the Ohio Court of Appeals concluded:

> Appellant claims that had he been aware of the appeal he would have insisted that counsel present additional assignments of error charging ineffective assistance of trial counsel and the lack of any jurisdiction due to the absence of a sworn complaint. Appellant claims his trial counsel was ineffective for not advising him of his right to appeal. Even if such is true, appellant can demonstrate no prejudice since an appeal was filed and prosecuted on his behalf.

(*Id.*).

15

In his application for reopening, petitioner initially asserts that he was not informed by the trial court or counsel of his right to an appeal.  (Doc. 3, Ex. J at 2). The sentencing transcript proves otherwise:

> By the Court:  . . . Now it's my duty to advise you that upon a conviction of a serious offense, which this is, a felony of the first degree, that you have the right to appeal.
>
> Defendant: Yes, sir.
>
> By the Court: Do you understand me?
>
> Defendant: Yes, sir.
>
> By the Court: And that if you are without funds to hire a lawyer to prosecute the appeal the court will appoint an attorney for you. Further, that if you are without funds the county will pay for a transcript of the proceedings of the trial at no expense to you . . . if you are without funds and further that you have the right to have a timely motion for an appeal filed on your behalf or a notice of appeal. So, Mr. Masana, you explain that further to the defendant and if that is his wish . .
>
> Mr. Masana: We've discussed this, Your Honor.
>
> By the Court:   . . . why you notify me and we'll take care of the necessary paper work.  Alright.
>
> Mr. Masana: Thank you, Your Honor.

(Doc. 5, Tr. 225-226). The record also strongly suggests the petitioner requested that counsel be appointed to perfect an appeal on his behalf because a trial court would not logically take such action if a defendant did not express his wishes to take an appeal.  (*See* Doc. 3, Ex. J, Affidavit of Indigency, counsel states that "he has been appointed by the Court of Common Pleas to perfect an appeal on behalf

of Defendant–Appellant, Mike Riffle").  Moreover, once counsel is appointed it also follows that he will proceed to represent defendant on appeal.

Nevertheless, assuming arguendo, that petitioner did not realize that his appellate counsel perfected an appeal, petitioner has not demonstrated that he was prejudiced by his attorneys's alleged failure to notify him of the appeal.  Although petitioner argues that he was unable to participate in the appeal, he fails to specify what he would have contributed to the process.  The only issue petitioner cites that appellate counsel omitted is the allegation involving the trial court's lack of jurisdiction due to the absence of a criminal complaint, a claim that both this Court and the Ohio Court of Appeals have rejected.  Since petitioner was not prejudiced by appellate counsel's failure to raise this claim, he has not demonstrated constitutionally ineffective assistance of counsel.

In his second ground for relief, petitioner argues that because he was unaware of his appeal to the Ohio Court of Appeals, he was denied his right to take an appeal to the Ohio Supreme Court.  The record does demonstrate that the journalized entry after the remand hearing was, indeed, sent directly to petitioner. (Doc. 3, Ex. G).  At that point, petitioner had proper notice and could have filed a timely appeal to the Ohio Court of Appeals and then, the Ohio Supreme Court.

In any event, there is no constitutional right to an appeal to the Ohio Supreme Court. The United States Constitution does not require states to grant appeals as of right to criminal defendants seeking review of alleged trial errors.

17

*Evitts v. Lucey*, 469 U.S. 387, 393 (1985).  However, once a state does provide the right to appeal following a criminal conviction, the appeal process must comport with the Fourteenth Amendment's guarantees of due process and equal protection.  *Id*. at 393, 403; *see also Douglas v. California*, 372 U.S. 353, 356–57 (1963); *Griffin v. Illinois*, 351 U.S. 12, 18 (1956).

The purpose of a first appeal provided as of right by a state is to determine whether the individual defendant has been lawfully incarcerated and to ensure a correct adjudication of guilt or innocence.  *See Evitts*, 469 U.S. at 402; *Griffin*, 351 U.S. at 18–19.  By deciding that an appeal is so important that it must be available as a matter of right, the state itself recognizes that the appeal plays such a crucial role that it cannot be decided arbitrarily; nor can the state otherwise deny an appellant fair procedure.  *Burkett v. Cunningham*, 826 F.2d 1208, 1221 (8th Cir. 1987), citing *Evitts*, 469 U.S. at 404.   Due process concerns are implicated when the state fails to assure a criminal defendant an adequate opportunity to present his claims and to obtain a final determination on the merits of the appeal.  *Evitts*, 469 U.S. at 402, 405; *see also Burkett*, 826 F.2d at 1221; *Galloway v. Stephenson*, 510 F. Supp. 840, 842 (M.D.N.C. 1981). Equal protection concerns are implicated when the state treats a class of defendants differently for purposes of offering them a meaningful appeal.  *Evitts*, 469 U.S. at 405.

18

Petitioner's first appeal as of right was his appeal addressed to the Ohio Court of Appeals on the direct appeal of his conviction.  An appeal to the Ohio Supreme Court on direct appeal is not a first appeal as of right.  An appeal to the Ohio Supreme Court is  a discretionary appeal which the Ohio Supreme Court may allow or disallow.  Rule II, Section 1(A)(3) of the Rules of Practice of the Supreme Court of Ohio.

Accordingly, there is no basis for concluding that petitioner had a constitutional right to have his claims adjudicated in an appeal to the Ohio Supreme Court.

Since petitioner was not prejudiced by his attorneys's alleged failure to notify him that an appeal was pending and also involve him in the preparation of his direct appeal to the Ohio Court of Appeals, petitioner has not demonstrated that he was deprived of effective legal representation. Moreover, since there is no constitutional right to an appeal to the Ohio Supreme Court, petitioner was also not deprived of due process by his alleged lack of knowledge of his counsel's appeal to the Ohio Court of Appeals.

Accordingly, the decision of the Ohio Court of Appeals was a reasonable application of the Supreme Court's caselaw, including *Strickland v. Washington,* 466 U.S. 668, 687 (1984), and a reasonable determination of the facts on the basis of the record evidence.  Petitioner is, therefore, not entitled to habeas corpus relief with respect to grounds one, two, and four.

19

Upon a *de novo* review of the record, the Court finds that the Judge has accurately set forth the applicable law and has properly applied it to the particular facts of this case. Accordingly, in the absence of any objection by plaintiff, this Court accepts the Report as uncontroverted.

Accordingly, the Court accepts the factual findings and legal reasoning of the Magistrate Judge. Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is DENIED with prejudice.

A certificate of appealability will not issue with respect to petitioner's petition because petitioner has failed to make a substantial showing of the denial of a constitutional right remediable in this federal habeas corpus proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Petitioner has not shown that reasonable jurists could debate whether his claims should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 323–324 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000)) (in turn quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

20

With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court does certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENIES** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

This case is **DISMISSED AND TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

s/Herman J. Weber
Herman J. Weber, Senior Judge
United States District Court
